IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| James Ervin McGee, #204267, ) | |
| ) | Civil Action No. 8:04-23221-MBS-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jon Ozmint, Director of SCDC; ) | |
| Colie Rushton, Warden of McCormick ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Greenville County Clerk of Court. While the petitioner has multiple convictions, from both Pickens and Greenville counties, a review of his petition indicates that he is challenging only his August 13, 2001 Greenville County conviction for armed robbery. Following a bench trial in which the petitioner was found guilty, Judge C. Victor Pyle sentenced him to life without parole. *See* S.C. Code Ann. § 17-25-45(A).

The petitioner served and filed a timely notice of appeal following his guilty plea. He was represented on appeal by Assistant Appellate Defender Tara S. Taggart. On September 27, 2002, he filed a Final Brief of Appellant, in which he presented the following issues:

1. Whether appellant's sentence violated the prohibition against cruel and unusual punishment found in both the United States Constitution and the Constitution of the State of South Carolina.

2. Whether the trial judge erred in refusing to consider alternative sentencing under S.C.Code Ann. § 17-45-25 where the state incorrectly argued it had no alternative to pursuing a sentence of life without parole.

The State filed a Final Brief of Respondent on September 27, 2002. The South Carolina Supreme Court affirmed the conviction and sentence on February 24, 2003. A timely Petition for Rehearing was denied on April 2, 2003, and the Remittitur was sent to the lower court on that same date.

On February 9, 2004, the petitioner filed a PCR application challenging his 2001 conviction and sentence. In his 2004 application, the petitioner alleged the following grounds for relief:

1. Violation of subject matter jurisdiction.

2. Procedural and Substantive Due Process of Law violation.

The State made its Return and Motion to Dismiss the 2004 Application on July 20, 2004 and asserted (1) that there was no merit to the subject matter jurisdiction challenge; and (2) that the procedural and substantive due process claims asserted direct appeal issues which could not be raised in PCR. On August 6, 2004, the petitioner filed an "Affidavit to Show Cause Why Motion to Dismiss should be granted in favor of the Respondents/Amendment to Post Conviction Relief Application." He asserted in this Amendment that his "sentence exceeded the maximum authorized by law. S.C. Code Ann. § 17-27-20-(A)(1)(3)." He

further maintained that his sentence violated both the South Carolina Constitution and the Fifth and Ninth Amendments to the United States Constitution.

On August 16, 2004, the Honorable Larry Patterson filed an Order summarily dismissing the 2004 Application and entering judgment in favor of the state. Judge Patterson's Order states that he "carefully reviewed the application for post conviction relief, the indictment, [and] the return [&] motion to dismiss." Based upon this review, he found that "[t]he indictment puts the defendant on notice of what he must defend against and was reported out as a true bill. This was dispositive for jurisdictional purposes. The PCR is summarily dismissed based on the file and reasons in motion to dismiss."

The petitioner filed a Notice of Appeal and a Proof of Service in the Supreme Court on October 14, 2004, in which he stated that he served the notice on opposing counsel on that date, though he indicated in the notice that he "received written notice of entry of this Order [Judgment] on August 19, 2004." The South Carolina Supreme Court accordingly filed an Order of Dismissal on October 18, 2004, based upon the untimeliness of the notice of appeal, citing Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment"). The South Carolina Supreme Court sent the Remittitur to the Greenville County Clerk of Court on November 3, 2004.

The petitioner thereafter submitted a "Petition for Rehearing pursuant to Austin v. State", which is dated November 2, 2004. On November 5, 2004, the clerk of the Supreme Court sent the petitioner a letter in response. The letter stated that "[u]nder Rule 221, SCACR, any petition for rehearing must have been actually received by this Court on or before November 2, 2004. Rule 221, SCACR. Therefore, your petition is untimely." The letter also explained that "the remittitur was sent to the circuit court on November 3, 2004. The sending of the remittitur ended this Court's jurisdiction over this matter. Accordingly, no action will be taken regarding your petition for rehearing."

3

The petitioner thereafter filed a Petition for a Writ of Habeas Corpus in this court. *McGee v. Ozmint*, 8:04-1377-24BI. In that petition he challenged both his Greenville County conviction and an earlier Pickens County conviction. On July 2, 2004, the respondents filed a motion for summary judgment. The respondents argued that filing a habeas action on two different convictions from two different counties violated Rule 2(d) of the Rules Governing Section 2254 cases. The respondents also asserted the petitioner's attack on his 1993 (Pickens County) convictions and sentences was time barred under the one year statute of limitations governing habeas petitions, 28 U.S.C. §2244(d)(1)(A) and that, with respect to the 2001 conviction and sentence (Greenville County), the petitioner had not exhausted available state court remedies as required by §2254(B)(1)(A).

In response to a *Roseboro*[1] order, the petitioner submitted (1) an "Affidavit to Show Cause Why Summary Judgment should not be granted in favor of Respondents"; (2) a "Motion to Strike pursuant to Rule 12(f) Indictment 01-GS-23-1391 and Case No. 2004-CP-23-838"; (3) a "Designation of Matter to be Included in the Record"; and (4) an Affidavit of Service, all of which are dated July 22, 2004. However, on August 5, 2004, he submitted a notice to rescind the motion to strike. On February 7, 2005, the undersigned filed a Report and Recommendation recommending that the petition be dismissed without prejudice. On February 17, 2005, the petitioner filed an Objection to the Magistrate Judge's Report and Recommendation and Amendment to Petition for Writ of Habeas Corpus. On March 22, 2005, the Honorable Margaret B. Seymour, United States District Judge, filed an Order granting the petitioner's motion to amend his petition, thereby dismissing the §2254 claim pertaining to his 2001 conviction, and granting the respondent's motion for summary judgment on the ground that petitioner untimely filed his petition.[2]

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] On April 11, 2005, the petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. That appeal is pending.

4

As noted by Judge Seymour in her Order, the petitioner filed a separate §2254 petition, pertaining to his 2001 conviction, on December 13, 2004. This petition is the one presently under consideration. The petitioner raises four allegations in his *pro se* Petition for Writ of Habeas Corpus (verbatim):

**GROUND ONE:** Conviction obtained by use of evidence obtained by unlawful arrest.

**SUPPORTING FACTS:** where affiant committed perjury and conspiracy in filing false affidavits, arrest warrants, and police reports

**GROUND TWO:** Conviction obtained by violation of the protection against Double Jeopardy

**SUPPORTING FACTS:** Conviction violates double jeopardy where Petitioner was held to answer for an offense that he was not indicted for nor did he waive under Federal and State law (Ind. 01-GS-23-3191).

**GROUND THREE:** Denial of Effective Assistance of Counsel (Indictment 01-GS-23-3191).

**SUPPORTING FACTS:** Petitioner was denied effective assistance of counsel where defense counsel failed to ensure that the petitioner's rights to due process of law and equal protection of law were protected where there was no valid indictment nor a valid written waiver of presentment. This would apply to ineffective assistance of appellate defense.

**GROUND FOUR:** Denial of right to appeal.

**SUPPORTING FACTS:** Where clerk of the State Supreme Court violated "mailbox rule" in regards to the petitioner's petition for rehearing pursuant to Austin v. State which resulted in timebar on the 3rd of November, 2004, which was the actual deadline date. The petitioner mailed his Petition for Rehearing on November 2, 2004, to the State Supreme Court (Rule 4(c), FRAP, and Rule 233(a)(2), SCAR).

The petitioner raises three allegations in his *pro se* Amendment to Petition for Writ of Habeas Corpus (verbatim):

5

> **GROUND ONE (A)**: The indictment (01-GS-23-3191) was not properly served on him in accordance with S.C. Code § 17-19-80, therefore denying him of due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.
>
> **GROUND TWO(A):** The indictment was not filed in accordance with Rule 3(c)(1), SCRCrim.P. ...
>
> **GROUND THREE(A):** The indictment does not contain any waiver of presentment or any evidence to show that petitioner pleaded to the written indictment by signing the indictment itself or any evidence that Petitioner even saw the indictment before trial,...

On February 22, 2005, the petitioner filed a motion for summary judgment. On March 9, 2005, the respondents filed a motion for summary judgment. On March 22, 2005, this court issued a *Roseboro* order informing the petitioner of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion, though the petitioner had already responded on March 17, 2005. On July 14, 2005, the petitioner filed a "Notice to the Court" in which he stated that "he has filed an untimely and successive Application for Post Conviction Relief under newly discovered evidence [in state court]." The petitioner then stated that he "wishes to have his ... § 2254 action placed in abeyance until the issues being raised before the State Court have been properly addressed." On August 9, 2005, the respondents filed a memorandum opposing the petitioner's motion.

## APPLICABLE LAW

Title 28, United States Code, Section 2254 (b), (d) and (e), provides, in pertinent part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or

6

> (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may

7

> consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

*Id.* at 910-11 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post-Conviction Procedure Act. *See* S.C. Code Ann. §17-27-10, *et seq.* Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed in the Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* S.C.Code Ann. §17-27-100; *Knight v. State*, 284 S.C. 138, 140, 325 S.E.2d 535, 537 (1985).

Exhaustion, for habeas corpus purposes, "includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State*, 329 S.C. 37, 42, 495 S.E.2d 426, 428 (1998).

## **ANALYSIS**

*Procedural Bar*

The respondents argue that all of the petitioner's claims should be dismissed under the procedural bar doctrine. As discussed above, if a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997).

In this case, the petitioner did not raise any of his specific habeas claims in his state PCR application. He did allege that he had been denied procedural and substantive due process. However, these issues were never addressed or ruled upon by the state Supreme Court, as a result of the petitioner's untimeliness in filing his notice of appeal. Because these issues were not presented to the South Carolina Supreme Court for review, and the South Carolina state courts would find them procedurally defaulted if the petitioner attempted to raise them now, these claims are procedurally barred in federal habeas corpus. *Coleman*, 501 U.S. at 750. However, out of an abundance of caution, the court will address the merits of the petitioner's claims as well.

### *Ground One*

The petitioner first alleges that his conviction was obtained by the use of evidence obtained by an allegedly unlawful arrest because the affiant "committed perjury and conspiracy in filing false affidavits, arrest warrants, and police reports." A state prisoner may not obtain federal habeas relief on a fourth amendment grounds if the state has provided him an opportunity for the full and fair litigation of the fourth amendment claims. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978). The petitioner here had the opportunity to challenge his arrest in his state court proceeding. Accordingly, he is foreclosed from pursuing this claim in a federal habeas corpus proceeding.

### *Ground Two*

The petitioner also asserts that his conviction was "obtained by violation of the protection against Double Jeopardy". He contends that the prohibition against double jeopardy was violated "where petitioner was held to answer for an offense that he was not indicted for nor did he waive under Federal and State law (Ind. 01-GS-23-3191)."

The double jeopardy clause of the United States Constitution protects citizens from being twice put in jeopardy of life or liberty.[3] The prohibition against double jeopardy protects against prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688 (1993).

The petitioner's sole argument as to Ground Two is as follows:

> In regards to this matter, the respondents would contend that the petitioner did not present this particular issue before any state court. Yet the respondents have failed to admit into the record that he was denied a right to be heard in an evidentiary hearing and on appeal to the state supreme court. Let it be established on the record that jeopardy attaches in a jury trial when the jury is empaneled and sworn and in a bench trial when a judge begins to hear the evidence. And the Honorable Court would agree that jeopardy attaches when a defendant faces risk of determination of guilt. This occurred once the petitioner was found guilty during his bench trial.

(Pet. aff. at 4).

The petitioner's argument is unclear. He was found guilty of armed robbery following a bench trial. There is no double jeopardy issue. The petitioner appears to be complaining of a state procedural defect, which is not cognizable in federal habeas corpus. *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998). Accordingly, this ground is without merit.

***Ground Three***

In his third ground for relief, the petitioner asserts that he was denied effective assistance of counsel because defense counsel and appellate counsel "failed to ensure that the petitioner's rights to due process of law and equal protection of law were protected where there was no valid indictment nor a written waiver of presentment."

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id*. at 687. To prove deficiency, the petitioner

---

[3]U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb. ...").

10

"must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. *Id* at 694.

In the present case, the petitioner has failed to show either deficient performance or prejudice. The indictment charged that the petitioner "did in Greenville County, on or about the 18th day of February, 2001, while armed with a deadly weapon, to wit: handgun, take by means of force or intimidation, goods or monies" as described therein, in violation of §16-11-330 of the South Carolina Code of Laws. This indictment for armed robbery provided the trial court with sufficient information to know what judgment to enter and the defendant to know the crime with which he was charged. *See* S.C. Code Ann. § 17-19-20 (2003)(sufficiency of indictment). Moreover, the petitioner's indictment was returned a True Bill by the grand jury. The indictment was clearly not defective and the court had jurisdiction. Accordingly, this argument is without merit.

### *Ground Four*

The petitioner asserts in his fourth ground that the state supreme court illegally "time barred" his petition for rehearing and argues that the mailbox rule applies. This argument is without merit. Rule 203(b)(1), SCACR, requires that a "notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." The petitioner clearly failed to timely served the respondents with the notice of appeal. The state supreme court, therefore, never acquired subject matter jurisdiction. *See Elam v. South Carolina Dept. of Transportation*, 361 S.C. 14, 14-15, 602 S.E.2d 772, 775 ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."). Accordingly, the state supreme court could not have

acted upon the petitioner's rehearing petition even if it had been timely filed, because the court did not have jurisdiction.

***Amended Grounds***

The petitioner's amended grounds are likewise without merit. In the first amendment (Ground One(A)), the petitioner argues that the indictment was not properly served upon him in accordance with S.C. Code §17-19-80, therefore denying him of due process of law and equal protection under the U.S. Constitution. This claim is not cognizable in a federal habeas corpus claim. *Wright*, 151 F.3d at 154. Moreover, the state statute relied upon by the petitioner applies to indictment in capital cases. The petitioner was clearly not charged with a capital offense.

The petitioner also argues that he is entitled to relief because his indictment was not filed with the Greenville County Clerk of Court, as required by S.C.R.Crim.P 3(c)[4] (Ground Two(A)). This claim is not cognizable in federal habeas corpus as it pertains to a state jurisdictional issue. Moreover, the South Carolina Supreme Court has previously held that the predecessor to Rule 3 is an administrative rule, not a jurisdictional one. *State v. Culbreath*, 282 S.C. 38, 316 S.E.2d 681 (1984). Accordingly, the petitioner's claim is not of constitutional proportion.

Finally, the petitioner argues that there is no evidence that he waived presentment of the indictment (Ground Three(A)). A review of the indictment however, clearly shows that it was presented to the grand jury and that a "True Bill" was returned. There is simply no waiver issue.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the petitioner's motion for summary judgment be denied and the respondents' motion for

---

[4] Rule 3(c) states: "Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court ...."

summary judgment be granted and that the petition be dismissed with prejudice. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motions will be rendered moot.

   IT IS SO RECOMMENDED.


                /s/ Bruce H. Hendricks
                United States Magistrate Judge


August 12, 2005
Greenville, South Carolina