IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| James Ervin McGee, #204267, )<br> ) <br>Petitioner, )<br> )<br>vs. )<br> )<br>Jon Ozmint, Director of SCDC; )<br>Colin Rushton, Warden of McCormick )<br>Correctional Institution; and Henry )<br>McMaster, Attorney General for South )<br>Carolina, )<br> )<br>Respondents. )<br>_____) | C/A No. 8:04-CV-23221<br><br>**OPINION AND<br>O R D E R** |

Petitioner James McGee is an inmate in the custody of the South Carolina Department of Corrections. He currently is housed in the McCormick Correctional Institution pursuant to commitment orders from the Greenville County Clerk of Court. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully because (1) his conviction was obtained by use of evidence stemming from an unlawful arrest (Ground One); (2) his conviction was obtained by violation of the protection against double jeopardy (Ground Two); (3) he was denied effective assistance of counsel (Ground Three); (4) he was denied his rights to appeal his conviction (Ground Four); (5) the indictment was not properly served on him under state law thereby denying him of due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution (Ground One of Amended Petition); (6) the indictment was not filed in accordance with S.C. R. Crim. P. 3(c)(1) (Ground Two of Amended Petition); and the indictment does not contain any waiver of presentment (Ground Three of Amended Petition).

This matter is before the court on cross-motions for summary judgment filed by the parties, respectively, on February 22, 2005, and March 9, 2005. By order filed March 22, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On July 14, 2005, Petitioner filed a "Notice to the Court" in which he requested that this § 2254 action be placed in abeyance until the issues being raised before the state court have been properly addressed. On August 9, 2005, Respondents filed a memorandum opposing this motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge issued a Report of Magistrate Judge on August 12, 2005, in which she recommended that Respondents' motion for summary judgment be granted. Petitioner filed objections to the Report of Magistrate Judge on August 26, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The facts of this case are detailed at length in the Report of Magistrate Judge. Report of Magistrate Judge, 1-6. This court adopts and incorporates those facts herein by reference.

DISCUSSION

The court has reviewed Petitioner's Objections to Magistrate's Report and Recommendation. Several objections raised by the Petitioner are general objections to which this court need not respond. Petitioner's specific objections are discussed in turn.

Petitioner first contends that the Magistrate Judge erred in concluding that he is barred from "raising of his newly discovered evidence before the state courts . . . pursuant to S.C. R. Civ. P. 60(b)(2) and Fed. R. Civ. P. 60(b)(2)." Petitioner's Objections to Magistrate's Report and Recommendation, 1. Both the federal and state civil rules provide that newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) may be introduced at a later time. Petitioner's contention that the Report of Magistrate Judge states that he is unable to pursue claims in state court is erroneous. The Magistrate Judge has offered no opinion in her report as to what evidence may be presented to the state court. Petitioner is free to pursue in state court any relief to which he feels he is entitled under state law. The Magistrate Judge is correct that any new evidence must be considered by the state court as required by 28 U.S.C. § 2254(d). Report of Magistrate Judge, 7. Petitioner's objection is without merit.

Petitioner next contends that he is entitled to have his petition held in abeyance by this court pending the resolution of his unexhausted claims in state court. Petitioner relies on the Ninth Circuit case of <u>Calderon v. United States District Court</u>, 144 F.3d 618 (9th Cir. 1997), for the general proposition that a district court has the discretion to stay its proceeding pending the resolution of a

matter in state court. This court concludes that the facts and circumstances surrounding this case do not warrant a stay of proceedings. In light of the protracted history of this case and the fact that this court has already given Petitioner the opportunity to amend his petition and raise new arguments, this court finds that Petitioner has had ample opportunity to present his exhausted claims to this court and seek resolution and adjudication of potential unexhausted claims in state court. This objection is without merit.

Plaintiff's third and final objection is a general objection to which a response need not be given.

## CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it by reference. For the reasons stated herein and in the Report of Magistrate Judge, Respondents' motion for summary judgment is **granted**; Petitioner's motion for summary judgment is **denied**, and the petition dismissed.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 30, 2005.

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**